CHAN v CITY OF TROY

Docket No. 181673. Submitted July 18, 1996, at Lansing. Decided December 6, 1996, at 9:15 A.M.

Liza Cheuk May Chan brought an action in the Oakland Circuit Court against the City of Troy and the Michigan State Police after the plaintiff, a lawfully admitted permanent resident alien, was denied a permit to purchase a pistol on the basis of MCL 28.422(3)(b); MSA 28.92(3)(b), now MCL 28.422(3)(c); MSA 28.92(3)(c), because she is not a citizen of the United States. The court, Jessica R. Cooper, J., granted summary disposition for the Michigan State Police and also granted summary disposition for the plaintiff, finding that the statute violates the Fourteenth Amendment's Equal Protection Clause. The City of Troy appealed by leave granted.

The Court of Appeals held:

The trial court properly found that the citizenship requirement of the statute is unconstitutional. The remainder of the statute is valid.

1. The general rule requiring strict scrutiny of a law that discriminates on the basis of alienage applies to this case. The exception to the strict scrutiny rule applicable to a law that primarily serves a political function does not apply to this case.

2. The statute is not precisely and narrowly tailored to serve the alleged compelling governmental interest of limiting accessibility to concealable weapons. The statute, which prohibits the purchase of pistols by all noncitizens and treats legal and illegal aliens alike, fails to distinguish between dangerous noncitizens and those noncitizens who would pose no particular threat if allowed to purchase weapons.

Affirmed.

1. CONSTITUTIONAL LAW — WEAPONS — WORDS AND PHRASES — "QUALIFIED APPLICANT."

The statutory requirement that to be a qualified applicant for a permit to purchase a pistol, an applicant must be a citizen of the United States is unconstitutional and violates the Equal Protection Clause of the Fourteenth Amendment (US Const, Am XIV; MCL 28.422[3] [b], now [3][c]; MSA 28.92[3][b], now [3][c]).

2. CONSTITUTIONAL LAW — ALIENS — DISCRIMINATION.

> A state law that discriminates on the basis of alienage generally can be sustained only if it can withstand strict judicial scrutiny; however, when a state law that classifies people on the basis of alienage primarily serves a political function, a rational basis test is used; a court must examine whether the state's sovereign authority is at issue in determining whether a rational basis analysis will be used.

*Dawn A. Schumacher,* for the City of Troy.

Amicus Curiae:

*Michael J. Modelski,* for the Michigan Municipal League Defense Fund.

Before: SAWYER, P.J., and BANDSTRA and M. J. TALBOT,* JJ.

PER CURIAM. Plaintiff, a lawfully admitted permanent resident alien who is not a United States citizen, was denied a permit to purchase a pistol on the basis of MCL 28.422(3)(b); MSA 28.92(3)(b).[1] This statute only allows the issuance of a pistol permit to a "qualified" applicant who must necessarily be "a citizen of the United States." Plaintiff subsequently sued defendant City of Troy and the Michigan State Police, arguing that MCL 28.422(3)(b); MSA 28.92(3)(b) is unconstitutional because it denies her equal protection. The trial court granted summary disposition for plaintiff, opining that the citizenship requirement of the statute

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Effective April 1, 1996, the statutory language contained in MCL 28.422(3)(b); MSA 28.92(3)(b) has been renumbered and is now contained in MCL 28.422(3)(c); MSA 28.92(3)(c). 1994 PA 338.

is unconstitutional. The City of Troy now appeals by leave granted.[2] We affirm.

The City of Troy argues that the trial court erred in finding that the United States citizenship requirement of MCL 28.422(3)(b); MSA 28.92(3)(b) is unconstitutional. We disagree and conclude that the trial court properly found that the citizenship requirement unconstitutionally discriminated on the basis of alienage.

MCL 28.422(3)(b); MSA 28.92(3)(b) provides that, in order to obtain a license to purchase or carry a pistol, the applicant must, among other things, be a citizen of the United States and a legal resident of Michigan. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." US Const, Am XIV. The Equal Protection Clause directs that " 'all persons similarly circumstanced shall be treated alike.' " *El Souri v Dep't of Social Services*, 429 Mich 203, 207; 414 NW2d 679 (1987). (Citation omitted.) Generally, a state law that discriminates on the basis of alienage can be sustained only if it can withstand strict judicial scrutiny. *Bernal v Fainter*, 467 US 216, 219; 104 S Ct 2312; 81 L Ed 2d 175 (1984). Aliens lawfully within this country have the right to reside in any state " 'on an equality of legal privileges with all citizens under nondiscriminatory laws.' " *Graham v Richardson* 403 US 365, 378; 91 S Ct 1848; 29 L Ed 2d 534 (1971). (Citation omitted.) However, when dealing with a state law that "primarily serves a political function," a

---

[2] The motion of the Michigan State Police for summary disposition was granted by the trial court, thus dismissing that party from the lawsuit. Plaintiff has not appealed this order.

rational basis test is used, even if the law classifies people on the basis of alienage. *Cabell v Chavez-Salido*, 454 US 432, 439; 102 S Ct 735; 70 L Ed 2d 677 (1982); *El Souri, supra* at 208. In determining whether a rational basis analysis will be used, a court must examine whether the state's sovereign authority is at issue. *Cabell, supra* at 438-440. Thus, for example, a rational basis test may apply to a state's disallowing legal aliens from serving as public office holders or participating in other "state functions [closely] bound up with the operation of the State as a governmental entity . . . ." *Id.* at 439.

We conclude that the general rule requiring strict scrutiny, rather than the exception allowing use of a rational basis test, applies here. See *Ambach v Norwick*, 441 US 68, 75; 99 S Ct 1589; 60 L Ed 2d 49 (1979). The statute at issue in this case regulates who is eligible to purchase or carry a pistol. The purchase or possession of a pistol clearly is not a "function[] . . . bound up with the operation of the State as a governmental entity," nor does it otherwise involve the implementation of the sovereign powers of a state. *Cabell, supra* at 439. Allowing or disallowing pistol possession is not "an element in 'the State's broad power to define its political community.' " *Id.* at 440. (Citation omitted.) Plaintiff does not fall under the "political function" exception to the general rule that alienage is treated as a suspect classification. Accordingly, a strict scrutiny analysis must be used in reviewing whether MCL 28.422(3)(b); MSA 28.92(3)(b) violates the Equal Protection Clause of the Fourteenth Amendment.

A statute reviewed under strict scrutiny will be upheld only "if the state demonstrates that its classifi-

cation scheme has been precisely tailored to serve a compelling governmental interest." *Doe v Dep't of Social Services*, 439 Mich 650, 662; 487 NW2d 166 (1992). The City of Troy argues that the statute in question is intended to limit the accessibility of concealable weapons to the general public because of their inherent danger. Assuming this is a ·sufficient governmental interest, we conclude that the statute, in its treatment of legal aliens, is not "precisely tailored to serve" that interest. *Id.* Although the state has an interest in regulating firearms to prevent persons who are dangerous from obtaining firearms, the statute, which prohibits the purchase of pistols by all noncitizens, fails to distinguish between dangerous noncitizens and those noncitizens who would pose no particular threat if allowed to purchase the weapons. Thus, the method adopted to achieve the goal of regulating weapons and limiting the accessibility of pistols is not precisely and narrowly tailored.

The trial court properly granted summary disposition for plaintiff because the citizenship requirement of MCL 28.422(3)(b); MSA 28.92(3)(b) violates the Equal Protection Clause of the Fourteenth Amendment.[3] However, the remainder of the statute is still valid. *People v Victor*, 287 Mich 506, 511; 283 NW 666 (1939).

We affirm.

---

[3] The statute is only unconstitutional in requiring that applicants for a pistol license be United States citizens, discriminating against legal and illegal aliens alike. Had the statute excluded only illegal aliens, as opposed to all noncitizens, it may well have passed constitutional muster. See 18 USC 922(d)(5), which limits its prohibition of distribution of firearms to aliens who are "illegally or unlawfully in the United States."